1   Michael W. Collins, State Bar# 197829
2   **Law Offices of Collins & Lamore**
    **Attorneys at Law**
3   8 Whatney #102
    Irvine, CA 92618
4   (949) 581-9300; FAX# (480) 287-8507

5   Attorney for Plaintiff

FILED

NOV 1 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee Paid
(99)ics.

6           IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                    OAKLAND COURTHOUSE

                                    C13-5347

9   Michael A King,                  ) Case No.:
                                     )
10          Plaintiff,               )
                                     )
11                                   ) COMPLAINT
                                     )
12      vs.                          ) DEMAND FOR JURY TRIAL
                                     )
13  LEGAL RECOVERY LAW OFFICES, INC.,) 15 United States Code § 1692 et seq
    A PROFESSIONAL CORPORATION;  and ) and CA Civ. Code §1788 et seq;
14  Does 1 – 10,                     )
                                     )
15          Defendants               )
                                     )

16      Plaintiff, MICHAEL A KING, based on information and belief and investigation of

17  counsel, except for those allegations which pertain to the named Plaintiff (which are alleged on

18  personal knowledge), hereby makes the following allegations:

19

20              I.   **INTRODUCTION**

21      1.      This action for statutory damages, attorney fees and costs is brought by an

22  individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15

23  U.S.C.§ 1692, et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices

24  Act, CA Civ. Code §1788 et seq. (hereinafter "RFDCPA") which prohibits debt collectors from

25  engaging in abusive, deceptive and unfair practices.

1   2.      According to 15 U.S.C.§ 1692:

2          a.      There is abundant evidence of the use of Abusive, deceptive, and unfair

3   debt collection practices by many debt collectors. Abusive debt collection practices  contribute to

4   the number of personal bankruptcies, to Marital instability, to the loss of jobs, and to invasions of

5   individual privacy.

6          b .     Existing laws and procedures for redressing these Injuries are inadequate

7   to protect consumers.

8          c.      Means other than misrepresentation or other abusive debt collection

9   practices are available for the effective collection of debts.

10          d.      Abusive debt collection practices are carried on to a substantial extent in

11   interstate commerce and through means and instrumentalities of such commerce. Even where

12   abusive debt collection practices are purely intrastate in character, they nevertheless directly

13   affect interstate commerce.

14          e.      It is the purpose of this title to eliminate abusive debt collection practices

15   by debt collectors, to insure that those debt collectors who refrain from using abusive debt

16   collection practices are not competitively disadvantaged, and to promote consistent State action

17   to protect consumers against debt collection abuses.

18

19                          **II. JURISDICTION**

20   3.      Jurisdiction of this Court arises under 15 U.S.C. § 1692K(d) and 28 U.S.C. §§ 2201 AND 2202.

21   4.      This action arises out of Defendant's violations of the Fair Debt Collection

22   Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

23

24   ////

25   ////

### III. VENUE

5.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.SC. § 1692k(d), in that Plaintiff resides in this judicial district and Defendant transacts business in this judicial district and some of the facts related to the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6.      This lawsuit should be assigned to the Oakland Branch of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

### V. PARTIES

7.      Plaintiff, MICHAEL A KING  (hereinafter "Plaintiff"), is a natural person residing in Oakland, CA. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8.      Plaintiff is informed and believes, and thereon alleges that Defendant, LEGAL RECOVERY LAW OFFICES, INC., A PROFESSIONAL CORPORATION  (hereinafter "LRL"), is or was at all relevant times, a professional corporation engaged in the business of collecting debts in this state with its principal place of business appearing to be located at 5030 Camino De La Siesta #340, San Diego, CA 92108.

9.      The principal business of LRL is the collection of debts using the mails and telephone, and LRL regularly attempts to collect debts alleged to be due another. LRL is a "debt collector" within the meaning of 15 U.S.C. § 1692A(6).

1    10.  Does 1 – 10 are additional persons or entities responsible in some way for the

2    harms suffered by Plaintiff as alleged herein, and will be named by their true names upon

3    discovery thereof.

4

5                              **VI. FACTUAL ALLEGATIONS**

6         11.    Plaintiff is alleged to have incurred a financial obligation, namely a consumer

7    debt, with Capitol One Bank (hereinafter "the alleged debt").  The alleged debt was incurred

8    primarily for personal, family or household purposes and is therefore a "debt" as that term is

9    defined by 15 U.S.C. § 1692a(5).

10        12.    On 08/09/2012, Defendant filed suit against Plaintiff for breach of contract and

11   common counts on behalf of "Capitol One Bank" with venue based upon Defendant's residence

12   at time lawsuit was filed (State Case# **RG12643061**). Plaintiff, by and through counsel filed an

13   answer on or about 11/30/2012. Prior to filing an answer and on or about 11/07/2012, counsel for

14   Plaintiff advised Defendant by fax (and telephone conversation) that he had retained counsel in

15   regard to the State action referenced above (A true and correct copy of said fax is attached hereto

16   as Exhibit "A").

17        13.    On or about 01/13/2013, the state case # RG12643061 was settled by way of

18   stipulated judgment which was not to be filed except in the case of default of payment terms. In

19   case of such default, notice was to be sent to Plaintiffs attorney of record prior to judgment being

20   entered.

21        14.    Defendant notified the court of the settlement by way of "notice of settlement"

22   filed on or about 01/18/2013. On or about that date, the court set an OSC Dismissal for

23   07/24/2017. As of the date of the filing of this complaint, the state action remains active and

24   Plaintiff's attorney of record continues to be the Law Offices of Collins & Lamore.

25

15.   Furthermore, between 11/7/2012 and up to and through the date of this complaint, there has been various communications between Defendant and Plaintiff's attorney putting Defendant on notice of said representation. Such communications include, but are not limited to, a filed answer, a telephonic case management meet and confer, and a case management conference.

16.   Despite knowing Plaintiff was represented by an attorney, Defendant telephoned Plaintiff directly **on or about** 06/05/2013 demanding Plaintiff pay what he owes, demanding to know if Plaintiff was still represented by counsel, and requesting a letter by Plaintiff stating he was no longer represented by an attorney. Furthermore, Defendant sent a letter to Plaintiff on or about 06/05/2013 (A true and correct copy of said letter is attached hereto as Exhibit "B"). Said letter states that "Per the settlement agreement, this notice gives you five days to make the required payment(s)" and "If the scheduled payment(s) is/are not received, a judgment shall be requested ...". However, judgment cannot be requested until five days after proper service of notice per the settlement agreement, which requires said notice to be mailed to Plaintiff's counsel only. No such notice was mailed to Plaintiff's counsel and accordingly LRL is making a threat to take legal action to which it had no legal authority to take.

17. Plaintiff alleges that the telephone communications and letters directly to Plaintiff by Defendant was done intentionally to harass Plaintiff in violation of the FDCPA & the RFDCPA.

## VII. CLAIMS COUNT I - FDCPA

### FAIR DEBT COLLECTION PRACTICES ACT

18.   Plaintiff brings a claim for relief against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

19.   Plaint. incorporates all paragraphs of Complaint as though fully set forth herein.

20.   Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

21.   Defendant, LRL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

22.   The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

23.   Defendant has violated the FDCPA, The violations   The violations include, but are not limited to, the following.

   a.   LRL communicated directly with a consumer who was represented by legal counsel in violation of 15 U.S.C. § 1692b(6);

   b.   LRL threatened to take legal action that it did not have legal authority to take in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5),

   c.   LRL misrepresented the status of the debt by stating that they had the right to request default judgment if payment was not made within 5 days when in fact that statement was untrue in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5);

24.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25.   As a result of Defendant's FDCPA violations, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorneys fees, pursuant to 15U.S.C. § 1692k.

## VIII. CLAIMS COUNT I - RFDCPA

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26.   Plaintiff reincorporates by reference all of the preceding paragraphs.

27.   To the extent that Defendant's actions, recounted above, violated the RFDCPA CA Civil Code §1788 et al., those actions were done knowingly and willfully.

28.   As a result of Defendant's RFDCPA violations, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorneys fees, pursuant to CA Civ. Code §1788.30.

## IX. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)    Assume Jurisdiction in this proceeding;

b)    Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b(6), and such other statutes that may be proven at trial;

c)    Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, CA Civil Code §1788 et al., and such other statutes that may be proven at trial;

d)    Award Plaintiff statutory damages in an amount not exceeding $1,000 for each occurrence, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and an additional $1,000 for each occurrence, pursuant to CA Civil Code §1788.30(b) ;

e)    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15U.S.C. § 1692k(a)(3);

f)    Award Plaintiff actual damages as may be proven at trial;

g)    Award Plaintiff such other and further relief as may be just and proper.


Law Offices of Collins & Lamore

Michael W. Collins, Esq.
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Michael W. Collins, Esq.

1
2
## DEMAND FOR JURY TRIAL

3
        PLEASE TAKE NOTICE that Plaintiff, Michael A King, hereby demands a trial by jury of all
4
triable issues of fact in the above-captioned case.

5
                                         _____
                                         Michael W. Collins, Esq.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Exhibits "A"

**Law Offices of Collins & Lamore**
Attorneys At Law
8 Whatney #102
Irvine, CA 92618
949-581-9300; Fax# 480-287-8507

**VIA FACSIMILE**

**DATE:**   November 7, 2012

**TO:**   **Legal Recovery Law Offices; Att: Andrew Rundquist, Esq.**

**FROM:**   Michael Collins, Esq.

**RE:   Capital ONe Bank (USA)N.A. vs. Michael A. King**
       **Case#: RG12643061;**

**YOUR FAX NO:   619-275-4010**

We are transmitting 1 page(s) including the cover sheet. If you do not receive all pages transmitted, please call 1-949-581-9300.

Mr. Rundquist,

Per my conversation with Patty Davila, I would like an extension to file responsive pleadings in the above referenced matter on or before 11/15/12. I have just been retained by Mr. King and would like to avoid costs to have judgment entered just to later stipulate or file motion to have such judgment vacated. In good faith, I request the additional time needed to file response as well as a waiver of costs for my client. Unless I hear from you otherwise, I assume the above is agreeable.

In accordance with the fair Debt Collection Practices Act, Section 809(b) Validating Debts, please let this serve as formal notification that the debt is disputed. Also, please send copies of all written communications to my client from your office to date. He has indicated that he has not received any notices from your office prior to this law suit. In that regard, I await your reply.

Sincerely,

Michael W. Collins, Esq.

CC: Michael King

**CONFIDENTIALITY NOTICE: The document being faxed is intended only for the use of the individual or entity to which it is addressed ad may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended addressee, or the employee or agent responsible for delivering the message to the addressee, you are hereby notified that nay dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the United States Postal Service. Your postage will be reimbursed. Thank you.

## Sending Confirm

Date : NOV-7-2012  WED  08:02PM
Name : M COLLINS LAW
Tel. : 1 480 287 8507

```
Phone         :  16192754010
Pages         :  1/1
Start Time    :  11-07 08:01PM
Elapsed Time  :  00'32"
Mode          :  ECM
Result        :  Ok
```

**Exhibits "B"**

PO Box 84060
San Diego, CA 92138



LEGAL RECOVERY
## LRL
LAW OFFICES

MICHAEL A KING

1233  23RD AVE
OAKLAND CA 94606

Date:         June 5, 2013
File #:       828984.001
Account #:            ████0194
Client:       CAPITAL ONE BANK (USA) N.A.
Original Creditor:  CAPITAL ONE BANK (USA),
N.A.

Payments Received
by LRLO:        $0.00
Total Due:      $3876.45

Our records reflect you previously entered into a settlement agreement with CAPITAL ONE BANK (USA)
N.A. in which you promised to make one or more payments on the above referenced account.

As of the above date, you are delinquent in your payment(s) under the settlement agreement.   Per the
settlement agreement, this notice gives you five days to make the required payment(s).

If the delinquent payment(s) is/are received, all collection activity will be stopped.  If the scheduled
payment(s) is/are not received, a judgment shall be requested in accordance with the settlement agreement.

This letter has been sent to you by a law office specializing in the area of debt collection.  Be advised that
this is an attempt to collect a debt and any information obtained will be used for that purpose.

Please include your file number on all correspondence and/or remittance and mail it to
PO Box 84060, San Diego, CA 92138.

Sincerely,

Attorney at Law                                              lrlo-105

5030 Camino De La Siesta # 340, San Diego, CA 92108
P.O. Box 84060, San Diego, CA 92138-4060
Tel: 619-275-4001, Toll Free: 800-785-4001, Fax: 619-275-4010