UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. KING,<br><br>    Plaintiff,<br><br>v.<br><br>LEGAL RECOVERY LAW OFFICES, INC.,<br><br>    Defendant. | Case No.: CV 13-05347-KAW<br><br>ORDER DENYING DEFENDANT LEGAL RECOVERY LAW OFFICES, INC.'S MOTION TO DISMISS |

On January 13, 2014, Defendant Legal Recovery Law Offices, Inc. filed a motion to dismiss Plaintiff Michael A. King's complaint on the grounds that the district court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, such that the action must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

Upon review of the moving papers, the Court finds this matter suitable for resolution without further briefing and without oral argument pursuant to Civil Local Rule 7-1(b)[1], and DENIES Defendant's motion to dismiss for the reasons set forth below.

## I.    BACKGROUND

Defendant Legal Recovery Law Offices, Inc. is a professional corporation engaged in the business of collecting debts in California. Its principal place of business is located in San Diego, California. (Compl., Dkt. No. 1 ¶ 8.) Plaintiff Michael A. King alleges that Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692A(6), and uses mail and telephone to transact business. (*Id.* ¶ 9.)

///

---

[1] The parties also filed a stipulation agreeing to have this matter decided on the papers on February 19, 2014. (Dkt. No. 14.)

On August 9, 2012, Legal Recovery Law Offices, Inc. filed suit against Plaintiff in Alameda County Superior Court for breach of contract for a debt incurred for personal, family, and household purposes. (*Id.* ¶ 12.) Plaintiff alleges that on or about November 7, 2012, Plaintiff's counsel notified Defendant by fax and telephone conversation that Plaintiff had retained counsel in regard to the state court action. (Compl., Ex. A.) Plaintiff filed an answer to Defendant's lawsuit on or about November 30, 2012. (Compl. ¶ 12.)

On January 13, 2013, Plaintiff and Defendant settled the state court action by way of a stipulated judgment. (*Id.* ¶ 13; Def.'s Mot. to Dismiss, "Def.'s Mot.," Dkt. No. 4, Ex. 1.) The parties agreed that the stipulated judgment would not be filed unless Plaintiff defaulted on the payment terms. (Compl. ¶ 13.) The stipulated judgment provided that in the event of a default, Defendant would mail a notice of default to Plaintiff's counsel, and give Plaintiff five days to cure the default, before attempting to enter the judgment in state court. (*Id.* ¶ 16.)

On January 18, 2013, Defendant notified the state court of the settlement by filing a notice of settlement. (*Id.* ¶ 14.) Thereafter, the court "set an OSC Dismissal for July 24, 2017." *(Id.)* Plaintiff alleges that the state court action remains active, and that his attorney of record continues to be the Law Offices of Collins & Lamore. *(Id.)* Plaintiff alleges that between November 7, 2012, and the date of filing this complaint in federal court, there have been various communications between Plaintiff's counsel and Defendant's attorney, putting Defendant on notice that Plaintiff is represented by counsel. (*Id.* ¶ 15.)

On June 5, 2013, despite knowing that Plaintiff was represented by counsel, Defendant allegedly directly contacted Plaintiff by telephone. (*Id.* ¶ 6.) During the phone call, Defendant allegedly demanded that Plaintiff pay what he owed, demanded to know if he was still represented by counsel, and requested a letter by Plaintiff stating that he was no longer represented by an attorney. *(Id.)*

In addition, Defendant sent Plaintiff a notice of default, dated June 5, 2013, via U.S. mail, which stated that judgment would be requested if Plaintiff failed to make the required payments within five days. (Compl., Ex. B.) Plaintiff claims that pursuant to the settlement agreement, a

1  default judgment cannot be requested until five days after proper service of notice of default,
2  which must be mailed exclusively to Plaintiff's counsel. (Compl. ¶ 16.)
3         On November 18, 2013, Plaintiff filed a complaint in federal court alleging that
4  Defendant's violation of the settlement terms amounted to a violation of the Fair Debt Collection
5  Practices Act, codified as 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the
6  Rosenthal Fair Debt Collection Practice Act, codified as California Civil Code § 1788 et seq.
7  (hereinafter referred to as "RFDCPA"). (Def.'s Mot., Dkt. No. 4.) Specifically, the complaint
8  alleges that Defendant violated the FDCPA by: (1) directly communicating with a consumer who
9  was represented by legal counsel in violation of 15 U.S.C. § 1692b(6); (2) threatening to take
10 legal action it did not have legal authority to take in violation of 15 U.S.C. §§ 1692e(2)(A),
11 1692e(5); and (3) misrepresenting the status of the debt by stating that they had the right to
12 request default judgment if payment was not made within five days when in fact that statement
13 was untrue in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5). (Compl. ¶ 23.)[2] Plaintiff alleges
14 that the telephone calls and letters sent to Plaintiff were intended to harass Plaintiff, in violation of
15 the FDCPA and the RFDCPA, by threatening to take action that Defendant was not legally
16 entitled to take. (Compl. ¶ 17.)
17        On January 13, 2014, Defendant moved to dismiss the complaint for lack of subject matter
18 jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### II.     LEGAL STANDARD

**A.     Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)**

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion tests whether a complaint

---

[2] Despite Plaintiff's allegations, none of these claims appear to be violations of the statutes cited. First, Plaintiff has misinterpreted 15 U.S.C. § 1692b(6) in claiming that Defendant violated the FDCPA by "directly communicating with a consumer who was represented by legal counsel," because that section only applies in situations where a debt collector communicates with an individual other than the consumer for the purposes of acquiring the consumer's location information. Second, Plaintiff's claims alleging violations of 15 U.S.C. §§ 1692e(2)(A) and 1692e(5) do not appear to raise any independent FDCPA violations, but instead refer to Defendant's purported violation of the terms of the settlement agreement.

3

alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Request for Judicial Notice

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

**A. Request for judicial notice**

As a preliminary matter, Defendant asks that the Court take judicial notice of Exhibit 1 attached to its motion to dismiss. (Def.'s Req. for Judicial Notice, "RJN," Dkt. No.5.) The document is purportedly a true and correct copy of the Stipulation for Conditional Entry of Judgment and Notice of Conditional Settlement, which is the stipulated judgment in the original state court case.

4

A court may take judicial notice of a document if the unattached document is "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). Plaintiff's complaint and opposition both refer to the settlement agreement. (*See* Compl. ¶ 13.) Further, the settlement agreement is central to Plaintiff's claim, as the action is for enforcement of the settlement agreement. Lastly, Plaintiff does not question the authenticity of the document.

Accordingly, the Court GRANTS Defendant's request for judicial notice.

### B. *Rooker-Feldman* Doctrine

The *Rooker-Feldman*[3] doctrine deprives the federal courts of jurisdiction to hear direct appeals from the judgments of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The purpose of the doctrine is to "protect state judgments from collateral federal attack." *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). The *Rooker-Feldman* doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. *Id.*; *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir. 1986). Courts in neighboring districts have held that a settlement agreement may constitute a state court judgment for the purposes of the *Rooker-Feldman* doctrine. *See William Villa v. Heller*, 885 F. Supp. 2d 1042 (S.D. Cal. 2012); *see Sherrard v. Panazuelos*, No. CV 10-9196, 2011 WL 1131523 at *2 (C.D. Cal. Feb. 4, 2011); *Wittich v. Wittich*, No. 06-CV-1635, 2006 WL 3437407 at *3 (E.D.N.Y. Nov. 9, 2006) ("for purposes of *Rooker-Feldman*, because plaintiff now seeks to overturn the settlement, alleging that the Settlement Agreement violated his rights, the Court deems plaintiff a losing party in a state court action)"; *Green v. City of New York*, 438 F. Supp. 2d 111, 119 (E.D.N.Y. 2006) ("[C]ourts have treated settlement agreements as final judgments for purposes of the *Rooker-Feldman* doctrine.");

---

[3] The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

*Allianz Ins. Co. v. Cavagnuolo*, No. 03 Civ. 1636, 2004 WL 1048243 at *6 (S.D.N.Y. May 7, 2004) (settlement agreement may constitute a final judgment under *Rooker-Feldman*).

The *Rooker–Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, we "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted). An action functions as a forbidden de facto appeal when the plaintiff is: "[1] assert[ing] as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).

Here, the federal action does not raise a de facto appeal, as it does not dispute the terms of the stipulated judgment. Plaintiff does not allege as his legal injury an erroneous decision by the state court, and does not seek as his remedy relief from that judgment. Instead, Plaintiff is asking the Court to enforce the terms of the settlement agreement against Defendant. Other circuits have held that the *Rooker-Feldman* doctrine does not limit federal jurisdiction where the federal suit seeks to enforce a state court judgment. *Coles v. Granville*, 448 F.3d 853, 858–59 (6th Cir. 2006). Even though this suit may require the federal court to interpret the state court judgment, the district court is not being asked to exercise appellate review over the state court decision: "Merely requiring a federal court to understand what it is that a state court decided does not implicate *Rooker-Feldman*, but rather normal preclusion principles and rules of construction." *See id.* Thus, Plaintiff's action is not a de facto appeal.

In addition, Defendant argues that Plaintiff's federal claims are inextricably intertwined with the state court judgment. The Ninth Circuit, however, in clarifying the application of the *Rooker-Feldman* doctrine, has held that "only when there is already a forbidden de facto appeal does the 'inextricably intertwined' test come into play." *Noel*, 341 F.3d at 1158. In other words, if the relief sought does not include the review and rejection of the state court judgment, *Rooker-Feldman* is not implicated, and the court need not inquire as to whether the issues raised are

inextricably intertwined with the state court judgment. *See id.* Since the threshold requirement of a de facto appeal is not met in this case, the Court need not address Defendant's argument that Plaintiff's FDCPA claims are inextricably intertwined with the state court judgment. Moreover, there is no "judgment" to the extent that the settlement agreement is construed a judgment, and Plaintiff does not seek to overturn it, but to enforce it and raise new federal claims related to Defendant's alleged actions.

Accordingly, the *Rooker-Feldman* doctrine does not divest the district court of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is DENIED. The Court notes that Plaintiff's complaint may not sufficiently allege a federal cause of action under the FDCPA. Defendant, however, has not sought dismissal under FRCP 12(b)(6) or 12(c).

Defendant has 14 days from the date of this order to file a responsive pleading.

IT IS SO ORDERED.

Dated: March 6, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

7